UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAMERON B.,<br>　　Plaintiff,<br><br>　　v.<br><br>LELAND C. DUDEK, Acting<br>Commissioner of Social Security,<br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 24-CV-00176-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

　　Before the Court is a Report and Recommendation filed by Magistrate Judge Lincoln D. Almond ("R&R") (ECF No. 16) recommending that the Plaintiff, Cameron B.'s, Motion to Reverse the Disability Determination of the Commissioner of Social Security (ECF No. 12) be denied, and that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 13) be granted. The Plaintiff objects to the R&R (ECF No. 18) and argues that the Magistrate Judge impermissibly afforded deference to the ALJ's holding that the treatment providers' opinions as to absenteeism to be expected from the Plaintiff were unsupported by the record. In support, the Plaintiff cites to the recent Supreme Court opinion of *Loper Bright Enterprises v. Raimondo,* 144 S.Ct. 2244 (2024), and argues that in light of that opinion, the Court must ensure that the executive is operating in a manner consistent with congressional intent. The Plaintiff acknowledges that *Loper Bright*, which overturned the *Chevron* Doctrine, only applies to cases that fall under the

Administrative Procedures Act, and that this case is governed by the Social Security Act. The Plaintiff instead argues that this Court may not grant deference to the ALJ decision in light of the Supreme Court's evolution regarding the deference to be afforded to agency decisions. Importantly the Magistrate Judge applied the proper standard found in the law as it relates to Social Security cases.

After reviewing the entire record including the motions, the R&R, and the objection, the Court accepts and adopts the R&R for the reasons stated therein. The Plaintiff's objections to the R&R are overruled.

The Plaintiff's objections to the ALJ's findings center around the ALJ's evaluation of the opinions from Plaintiff's mental health providers and the State agency psychological consultants. Plaintiff's treating mental health providers, Therapist Creegan and Psychiatric Nurse Allison, "opined that Plaintiff's mental health impairments would result in him being absent (from work) at least four days per month and unable to complete a full workday at least four days per month." (ECF No. 16 at 14.) The ALJ, however, found that the opinions were not supported by the treatment notes contained in the record and were inconsistent with other parts of the record. 20 C.F.R § 416.920c requires that the ALJ consider medical evidence without deference to or controlling weight assigned to any medical opinion including those from treatment providers. Crucially, when evaluating the medical opinions, the most important factors that the ALJ must consider are supportability and consistency. 20 C.F.R. § 416.920c(a).

In his R&R, the Magistrate Judge found that the ALJ complied with this requirement noting that both consulting psychologists opined that the Plaintiff could sustain simple work over the course of a full time workday and work week. (ECF No. 16 at 14-15.) The Court's independent assessment of the record in this case compels the same conclusion.

The Court therefore finds no error in the ALJ's opinion or the Magistrate Judge's R&R and arrives at the same conclusion. A fair reading of the record and the ALJ's decision demonstrates that the evidence of the extent of the Plaintiff's limitations was not in fact unrebutted.

Accordingly, the Plaintiff's Motion for Reversal of the Disability Determination of the Commissioner of Social Security (ECF No. 12) is DENIED, and the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 13) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

May 8, 2025